# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHLENE FREIDA VELTCAMP,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Commissioner of Social Security,<br><br>Defendant. | **1:17-cv-580 GSA**<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>(Doc. 1) |

**I.     INTRODUCTION**

Pro se plaintiff, Kathlene Freida Veltcamp ("Plaintiff") filed a complaint (the "complaint") on April 26, 2017, challenging a denial of her Social Security Disability Insurance Benefits. ("SSD"). (Doc. 1). As discussed below, the complaint will be dismissed with leave to amend because Plaintiff has not stated a claim and it is not clear that jurisdiction is proper. Plaintiff will be granted leave to file a first amended complaint to correct these deficiencies.

**II.    DISCUSSION**

**A.  Screening Standard**

Under 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of the complaint to determine whether it "state[s] a claim on which relief may be granted," is "frivolous or malicious," or "seek[s] monetary relief against a defendant who is immune from such relief." If the Court determines that the complaint fails to state a claim, it must be dismissed. *Id.* Leave to

amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusion are not. *Id*. at 678.

To determine whether a complaint states an actionable claim, the Court must accept the allegations in the complaint as true, *Hospital Bldg. Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976), construe pro se pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Pleadings of pro se plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that pro se complaints should continue to be liberally construed after *Iqbal*).

**B. Plaintiff's Allegations**

In the complaint, Plaintiff alleges that she collected SSD from 1992-1998. She subsequently stopped receiving benefits when she moved from Nevada to California. She applied to reinstate her benefits in 2003, but her application was denied. (Doc. 1, pg.6). She acquired additional evidence and reapplied for benefits again on February 12, 2013. She had a hearing on October 14, 2015, and her application was denied by way of a letter dated April 6, 2017. Plaintiff seeks back payment of her SSD benefits.

**C. Analysis**

    ***1.  Rule 8(a)***

As Rule 8(a) states, a complaint must contain "a short and plain statement of the claim."

The rule expresses the principle of notice-pleading, whereby the pleader need only give the opposing party fair notice of a claim. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Rule 8(a) does not require an elaborate recitation of every fact a plaintiff may ultimately rely upon at trial, but only a statement sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id*. at 47. As noted above, detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 129 S.Ct. at 1949 (2009).

In this case, although Plaintiff asserts that her applications were wrongfully denied, she has not identified any errors in the decision. Also, as described below, in order for this Court to have jurisdiction, Plaintiff needed to exhaust her administrative remedies, which includes appearing before an administrative law judge ("ALJ") for a hearing and appealing any adverse decision to the Appeals Council. If Plaintiff wishes to pursue her claim in this Court, any pleading must identify specific errors in the ALJ's decision rather than making broad assertions or legal conclusions about the disability determination. Moreover, she must establish that jurisdiction is proper.

### 2. Federal Jurisdiction

Judicial review of the Commissioner's administrative decisions is governed by Section 405(g) and (h) of the Social Security Act, which reads in relevant part:

> (g) Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy**,** may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.
>
> (h) The findings and decision of the Commissioner after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of facts or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

Section 405(g) and (h) therefore operates as a statute of limitations setting a sixty day time

period in which a claimant may appeal a final decision of the Commissioner. As part of this process, Plaintiff must have exhausted her administrative remedies prior to filing a case in this Court. Specifically, Plaintiff must have had a hearing before an ALJ after her applications were denied from the agency. Upon receiving her denial from an ALJ, Plaintiff had sixty days to file an Appeal with the Appeals Council. 20 CFR §§ 404.967 and 404.968. When the Appeals Council reviews the case, it will either affirm, modify, or reject the ALJ's recommendation. 20 CFR § 404.979. It may also remand the case. 20 CFR § 404.977. The Appeals Council's decision is binding unless a party files an action in federal district court within sixty days of the Appeals Council's decision. 20 CFR §§ 422.210 and 404.981.

It is not clear from the complaint whether Plaintiff exhausted her administrative remedies. She indicates that she attended a hearing on October 14, 2015 (Doc. 1, pg. 6). However, it is not clear that this hearing was before an ALJ. She also indicates that she received a letter denying her claims, but it is unclear if this letter was decision issued by the Appeals Council after an appeal was filed.

Given the above, Plaintiff will be given an opportunity to amend the complaint to state a claim and establish that jurisdiction is proper. In any amended complaint, Plaintiff must establish that she appeared before an ALJ, appealed that adverse decision to the Appeals Council, and filed this case within sixty days of receiving the Appeals Council denial of her benefits. It would be most helpful to the Court if the Plaintiff attaches any decision from the agency, including any ALJ or Appeals Council's decisions, to the amended complaint.

## III. Conclusion and Order

As set forth above, Plaintiff's complaint does not state any claims upon which relief may be granted, and it appears the Court lacks jurisdiction to hear Plaintiff's case. However, if Plaintiff believes that there are other facts that the Court should consider, she may file an amended complaint no later than **June 16, 2017**. If Plaintiff chooses to file an amended complaint, she must state a claim and establish that this Court has jurisdiction. An amended complaint must bear the docket number assigned in this case and be labeled " First Amended Complaint." As a general rule, an amended complaint supersedes any earlier complaints. *Lacey v.*

4

| | |
|---|---|
| 1 | *Maricopa Cnty*., 693 F.3d 896 (9th Cir. 2012) (noting that there may be limited exceptions to this |
| 2 | rule on appeal). In other words, the first amended compliant must be "complete in itself without |
| 3 | reference to the prior or superseded pleading." Local Rule 220.  If Plaintiff no longer wishes to |
| 4 | pursue her case after reviewing this order, she shall file a Notice of Voluntary Dismissal. |
| 5 | **Plaintiff is advised that failure to file an amended complaint by June 16, 2017 will** |
| 6 | **result in dismissal of this action.** |

IT IS SO ORDERED.

    Dated:   **May 4, 2017**                    **/s/ Gary S. Austin**
                                                           UNITED STATES MAGISTRATE JUDGE