UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| KATHLENE FREIDA VELTCAMP, | **17-cv-580 GSA** |
|---|---|
| Plaintiff, | |
| v. | **ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR FAILURE TO FOLLOW A COURT ORDER** |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | |
| Defendant. | |

On April 26, 2017, *pro se* Plaintiff Kathleen Veltcamp ("Plaintiff") filed a complaint requesting a review of the Commissioner's denial of disability benefits. (Doc. 1). After screening Plaintiff's complaint, the Court dismissed the case with leave to file an amended complaint. (Doc. 5). Plaintiff was advised that any amended complaint shall be filed no later than **June 16, 2017**, and that failure to timely file an amended complaint would result in dismissal of this action. (Doc. 5, pg. 5). Plaintiff did not file an amended complaint as ordered.

Rule 110 of this Court's Local Rules provides that the "failure of counsel or of a party to comply … with any order of the Court may be grounds for imposition by the Court of any and all sanctions … within the inherent power of the Court." This Court has the inherent power to manage its docket. *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53-54

(9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Ghazal*i, 46 F.3d at 53; *Ferdik*, 963 F.2d at 1260-61; *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24.

**ORDER**

Given the above, Plaintiff is ordered to show cause why this case should not be dismissed for a failure to comply with this Court's order. Plaintiff is ORDERED to file a written response to this Order to Show Cause **no later than July 28, 2017**. In the alternative, Plaintiff may file the amended complaint by that same date. ***Plaintiff is advised that failure to file a timely response to this order will result in dismissal of this action.***

IT IS SO ORDERED.

Dated: **July 5, 2017**           /s/ Gary S. Austin
                                  UNITED STATES MAGISTRATE JUDGE

2