# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHLENE FREIDA VELTCAMP,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Commissioner of Social Security,<br><br>Defendant. | **1:17-cv-580 GSA**<br><br>**ORDER DISMISSING FIRST COMPLAINT WITH LEAVE TO AMEND**<br><br>(Doc. 10) |

**I.  BACKGROUND**

Pro se plaintiff, Kathlene Veltcamp ("Plaintiff") filed a complaint on April 26, 2017, challenging a denial of her Social Security Disability Insurance Benefits. ("SSD"). (Doc. 10). On May 4, 2017, the Court dismissed Plaintiff's case with leave to amend the complaint because the pleading did not state a claim, and because it was not clear that this Court had jurisdiction to consider her case. (Doc. 5). Plaintiff did not file an amended complaint within the time allotted, so the Court issued an Order to Show Cause advising Plaintiff that her case would be dismissed if she did not respond. (Doc.7). Plaintiff responded to the Order to Show Cause on July 12, 2017. (Doc. 8). On July 13, 2017, the Court issued an order allowing Plaintiff to file a First Amended Complaint ("FAC") with instructions that she must follow the directions in the Court's May 4, 2017 order, which required that Plaintiff establish that jurisdiction is proper and to state a claim. (Doc. 9).

In response, on July 26, 2017, Plaintiff filed a FAC which consists of a narrative

1

establishing jurisdiction is proper, an Appeals Council's decision dated April 26, 2017, and three pages of what appears to be a partial complaint. (Doc. 10). Plaintiff is advised that the FAC is defective because the pleading is not signed, and it does not set forth any errors in the ALJ's decision. Therefore, it does not state a claim. Plaintiff will be given leave to amend the FAC to cure these deficiencies.

## II. DISCUSSION

### A. Screening Standard

As explained in this Court's first screening order, under 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of the complaint to determine whether it "state[s] a claim on which relief may be granted," is "frivolous or malicious," or "seek[s] monetary relief against a defendant who is immune from such relief." If the Court determines that the complaint fails to state a claim, it must be dismissed. *Id.* Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice*." Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusion are not. *Id.* at 678.

To determine whether a complaint states an actionable claim, the Court must accept the allegations in the complaint as true, *Hospital Bldg. Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976), construe pro se pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Pleadings of pro se plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338,

342 (9th Cir. 2010) (holding that pro se complaints should continue to be liberally construed after *Iqbal*).

**B. Analysis**

As explained above, the FAC appears to be incomplete, and it is not clear to the Court if pages of the pleading were inadvertently left off, or if this was the final document Plaintiff intended to file. Nevertheless, the complaint does not state a claim because it does not contain any allegations that the ALJ erred in the decision. It appears that Plaintiff thought she only needed to establish that jurisdiction was proper in the FAC. However, Plaintiff is advised that she must file another complaint if she wants to proceed with her case because the FAC does not state a claim.

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether: (1) it is supported by substantial evidence; and (2) it applies the correct legal standards. *See Carmickle v. Commissioner*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). "Substantial evidence means more than a scintilla but less than a preponderance." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). It is "relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." *Id*. "Where the evidence is susceptible to more than one rational interpretation, one of which supports the administrative law judge's ("ALJ") decision, the ALJ's conclusion must be upheld." *Id*. Therefore, in order for Plaintiff to state a claim, she must outline how the ALJ erred in her case. She cannot just assert that she is entitled to benefits, or that the ALJ's decision was incorrect. She must identify how the ALJ's decision is wrong, such as the decision is not supported by substantial evidence, or that the ALJ applied an incorrect legal standard. This may occur if an ALJ misinterpreted the medical evidence, or improperly assessed the severity of a claimant's allegations of pain or disability. Additionally, Plaintiff must also sign the amended complaint under penalty of perjury. The Court cannot consider unsigned pleadings. Fed. R. Civ. P. 11(a); Local Rule 131(b).

**III. CONCLUSION**

Given the above deficiencies, Plaintiff will be give one final opportunity to file an amended complaint. If Plaintiff chooses to file an amended complaint, she must state a claim in

the pleading, and sign the pleading under penalty of perjury.[1]  An amended complaint must bear the docket number assigned in this case and be labeled, "Second Amended Complaint." Plaintiff was advised in the previous order, that an amended complaint supersedes any earlier complaints. *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012) (noting that there may be limited exceptions to this rule on appeal). In other words, an amended compliant must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.  Accordingly, Plaintiff is advised the Court will not look at any other filing when evaluating whether she has stated a claim in the Second Amended Complaint. The Second Amended Complaint shall be filed no later than **September 15, 2017**.  **Failure to file a Second Amended Complaint by September 15, 2017 will result in dismissal of this action.**

IT IS SO ORDERED.

    Dated: __**August 8, 2017**__            __*/s/ Gary S. Austin*__
                                                           UNITED STATES MAGISTRATE JUDGE

---

[1] Based on the documents already filed, it appears jurisdiction is proper, as Plaintiff filed an appeal with the Appeals Council and Plaintiff filed this case within sixty days of the Appeals Council's decision. (Doc. 10, pgs. 2-3).