UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHLEEN VELTCAMP,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Commissioner of Social Security,<br><br>Defendant. | **17-cv-580 GSA**<br><br>**ORDER TO SHOW CAUSE TO PLAINTIFF WITH A SPECIAL INSTRUCTION TO DEFENDANT** |

On April 26 19, 2017, *pro se* Plaintiff Kathleen Veltcamp ("Plaintiff") filed a complaint requesting a review of the Commissioner's denial of disability benefits. (Doc. 1). The Court screened Plaintiff's complaint, and as a result a second amended complaint was subsequently served on the Defendant. (Docs. 12 and 21). On March 8, 2018, the Court issued a minute order requiring that Plaintiff file proof of service that her confidential letter brief was served on the Defendant **no later than March 26, 2018**. (Doc. 26). In addition, Defendant's response to the confidential letter brief and proof that Plaintiff was served with the response, was to be filed within thirty-five (35) days of receiving Plaintiff's confidential letter brief. To date, Plaintiff has

1

not filed the required proof of service, and nor has Defendant filed a proof of service indicating that Plaintiff's confidential letter brief was received.

Given the above, it appears that Plaintiff has violated the order of this court. Accordingly, the Court orders that Plaintiff show cause why monetary sanctions should not be imposed, or why this case should not be dismissed for her failure to comply with this Court's orders, and for her failure to prosecute this case.

Rule 110 of this Court's Local Rules provides that the "failure of counsel or of a party to comply … with any order of the Court may be grounds for imposition by the Court of any and all sanctions … within the inherent power of the Court." This Court has the inherent power to manage its docket. *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Ghazal*i, 46 F.3d at 53; *Ferdik*, 963 F.2d at 1260-61; *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24.

Given the above, Plaintiff ORDERED *to file a written response* to this Order to Show Cause no later than **June 1, 2018**, explaining why she has not served Defendant with the confidential letter brief and/or why she did not file the proof of service with the Court as directed. **Defendant shall file a notification with the Court immediately if a confidential letter brief was received from Plaintiff**.

*Plaintiff is again reminded that the confidential letter brief shall not be filed on the docket or served on the Court, but mailed directly to the Defendant.* **Plaintiff is also advised that failure to respond to this Order to Show Cause within the time specified may result in dismissal of this action.**

IT IS SO ORDERED.

Dated: **May 7, 2018**          /s/ Gary S. Austin
                     UNITED STATES MAGISTRATE JUDGE

3